THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ÁNGEL RAMÍREZ RODRÍGUEZ, Defendant and Appellant.

Nos. 17359, 17360. Decided May 21, 1962.

*Benjamín Ortiz* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Jorge Zequeira Olivero, Assistant Solicitor General,* for appellee.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

Appellant was charged with the violation of § 4 of Act No. 220 of the *Bolita* Act of May 15, 1948, 33 L.P.R.A. § 1250, because "on or about April 18, 1959 and in San Germán, Puerto Rico, which is a part of the Judicial District of Puerto Rico, he illegally, voluntarily, maliciously and criminally, sold ticket No. 530 and entered them (*sic*) in a list of three-digit numbers followed by a dash and another number to the right, which list was in the hands and/or in possession of said defendant . . ." Another information for the same crime was pending against defendant. The date of the commission of the second crime was September 20 and the number 141. As to the rest, both informations were identical, including the place where the crime was allegedly committed.

Both cases having been called for trial, one of appellant's attorney in the trial court, informed the presiding judge that other cases for an identical crime were pending against other defendants and he was requesting that they be jointly tried with those of appellant herein. The other cases were called as requested. The trial judge inquired whether they were prepared to see them all and the attorney answered in the affirmative. Then they proceeded to hear a motion for the suppression of evidence filed in one of the cases. At the close of the incident the judge requested that evidence for the prosecution be filed in all the cases. Then, counsel for the defense proposed a stipulation "that the evidence for the prosecution in these cases would consist of the sworn statement which is attached to the record and which the district attorney has served us." The district attorney accepts specifying that "we shall also offer the objective evidence which

is found in one of the records." When counsel for the defendants and the district attorney finally came to an agreement, the judge expressed himself as follows:

"THE COURT: All defendants please rise. Your attorneys have proposed a stipulation in the sense that all the cases of The People of Puerto Rico which are filed today against you be submitted on the sworn statement of agent Luis Méndez Romero which appears in the records of these cases and also on the objective evidence obtained by this agent in some of the cases. That stipulation entails on your part and on the part of every one of you a waiver of the right which every one of you has to cross-examine the witness for The People, Luis Méndez Romero. This simply means that the Constitution of the Commonwealth of Puerto Rico grants you the right in these cases to call agent Luis Méndez Romero to the witness stand and ask him all the questions which you may deem necessary and pertinent in each one of your cases. This is a right which this court must grant you unless you waive this right, which may be waived.

"The court wishes to know whether you waive this right to cross-examine the witness.

"THE DEFENDANTS: Yes, Sir.

"THE COURT: Doña Juana, do you also waive it? Do not nod with your head. Voice your answer.

"MRS. JUANA TORRES: Yes, Sir."

■ The trial court found defendant guilty in both cases, and now on appeal he holds that it was an error to admit the stipulation that the cases be tried jointly with those of the other defendants and that the cases be submitted on sworn statements of the only witness for the prosecution, thus depriving him of the opportunity to cross-examine this witness. He assigns two additional errors which we shall set forth hereinafter. The one already set forth lacks merit. It was at the request of defendant's counsel that the other cases were called. In fact, those of appellant were set for that day. It was his attorney who requested that they be jointly heard with the others. We can not see how this circumstance prejudiced defendant. As to the issue of sub-

mitting the case on the sworn statement of the only witness for the prosecution, the record shows that it was upon the insistence of defendant's counsel that the stipulation to submit the cases in that manner was entered. And when the trial court made clear to defendants the consequences of the stipulation and asked them if they were in agreement, they all answered in the affirmative, and when one defendant made a gesture with her head the judge told her "voice your answer." *People* v. *Cruzado*, 74 P.R.R. 872 (1953) and *People* v. *Vargas*, 74 P.R.R. 134 (1953) uphold the validity of these stipulations.

■ Appellant maintains that the trial court erred in failing to sustain a motion for summary dismissal of a criminal action based on the insufficiency of the evidence for the prosecution to prove the sale required by the *Bolita* Act. *People* v. *Seda*, 82 P.R.R. 695 (1961), decided the same question against appellant's contention. Neither was it necessary to present in evidence the number played written on a piece of paper. *People* v. *Seda, supra.* The reason for not obtaining that evidence is explained in the agent's statement.

■ Appellant also maintains that the information charges "a duplicity of crimes." Apparently, since he does not argue the question after it was raised, he relies on the fact that it is alleged in the information, that appellant "sold" a number for the *bolita* game and later continues to report that he entered them in a list of three-digit numbers from which he infers that defendant is charged with the modality of selling and with having in his possession lists of numbers, etc. Now, the truth is that he is only charged with the modality of selling and in fact neither would duplicity exist in charging him with the possession of lists, since they are two modalities of the same crime. The errors assigned were not committed.

The judgment rendered by the Superior Court, Mayagüez Part, on June 13, 1960 will be affirmed.